## No. 2765.

EUREKA INSURANCE COMPANY v. J. W. TOBIN and GEORGE A. WILLIAMS.

Where the suit was on promissory notes given as premiums on policies of insurance to a company, and the plea in defense a want of consideration, on the ground that the policies, if issued, were not in accordance with the instructions from the party intending to be insured to the agents of said company, and did not cover the risks stipulated in the application; and where the issue was that the policies never were issued and delivered to the applicant, the proofs, waich should be in the possession of the plaintiff, not being found in the record, there will be a judgment of nonsuit.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. William Grant,* for plaintiff and appellant. *R. H. Marr,* for defendants and appellants.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly and Morgan.

MORGAN, J. Tobin, one of the defendants, is, or was on the twentieth February, 1868, owner of the Frank Pargoud. Williams, the other defendant, was his clerk.

Tyler & Co., residing at Louisville, Ky., are, or were at the time above designated, insurance agents for some Pittsburg companies.

Tobin, being about to leave Louisville with his steamer, made application to Tyler & Co. to effect insurance on his boat for $100,000. Tobin sailed from Louisville on his steamer, bound for New Orleans, before the insurance was effected and pending negotiations therefor. When at Memphis he received a letter from Tyler & Co., saying that the insurance could be had, and requesting him to forward his notes for the premium agreed upon, which he did. The notes are all dated Pittsburg, Pa., February 20, 1868, although they were sent either from Memphis or New Orleans, payable to the order of Geo. A. Williams, the other defendant herein, at the office of James Tyler & Co., Louisville.

The object of this suit is to recover on some of these notes.

It is in proof that the notes sued on were given in payment of premiums on the policies which were to have been obtained by Tyler & Co. Some of them appear to have been given by Tyler & Co. directly to the Eureka company, while others of them were given to the Citizens' Insurance Company and the Boatmen's Fire Insurance Company. They are all sued upon, however, as being owned by the Eureka company, and their title is not specially denied.

Tobin's defense is want of consideration in this: that Tyler & Co. did not comply with the instructions he had given them with reference to the risks which he desired to be insured against. That at the time he applied to Tyler & Co. to effect the insurance on his boat they exhibited to him certain policies issued by the Eureka company, containing certain terms and stipulations to which he was not willing to assent, and to which he never did assent, and that they promised to obtain a policy which would accord with his wishes, which they never did. And he denies that he ever received the policies which should have been issued to him.

Williams says that he was merely the clerk of Tobin, and that he is without interest in the suit. Further he adopts Tobin's answer.

Tyler & Co. were the agents of the insurance companies in effecting the insurance on the Pargoud; they were their agents in contracting for the insurance; in receiving the policies and in receiving the premiums—the notes given therefor being payable at Tyler & Co.'s office. It was to the Pittsburg offices that Tyler & Co. looked for their brokerage, and it was to them, through his associate, Madeira, that it seems to have been paid. Unless, therefore, the policies were issued in accordance with Tobin's instructions and to cover the risks which he desired to be insured against, he is not bound. The issue that the policies were never issued and delivered to him, was expressly tendered by the answer, and the proof, which should be in the possession of the plaintiff, is not to be found in the record.

The secretary of plaintiffs' company swears that the policies were issued to Tyler & Co., through Madeira, his associate, at Pittsburg; and Tyler & Co. acknowledge the receipt of a letter from Madeira "conveying policies steamer Frank Pargoud as stated," but from what companies these policies issued, or what risks they covered, he does not say. Neither have the plaintiffs produced a copy of the policies issued upon the faith of the premiums. These copies must certainly have been in their possession or under their control.

E. D. Tyler, who seems to have conducted the negotiation for Tyler & Co., swears that he sent the policies to Tobin from Louisville " by mail or perhaps by express," and that his recollection is that Tobin acknowledged their receipt, but the letter of acknowledgment, which should have been in his possession, is not produced.

Now Tobin swears that in the letter which he received at Memphis, and which has already been referred to, Tyler & Co. wrote him that part of the policies had been received; that they were not in accordance with the understanding between Tyler & Co. and himself, and that they had been returned to the office to be changed; that some time after he received a package from Tyler & Co. containing policies of insurance; that the package was given to Williams, clerk of the boat, and put away in an iron safe; that the package containing the policies remained in the safe for some months before he examined them; that he then went carefully over them with Williams, and found that the policies from the three offices to which the notes sued on in this case were given were not in the package, and had never been in his possession; and that Williams, who did all his correspondence, wrote to Tyler informing him of the fact, and that he received no answer. Williams swears to the same facts.

This evidence is entirely uncontradicted.

It was in the power of plaintiff to show the instructions under which Tyler & Co. were authorized to obtain Tobin's insurance; it was in their power to show not only that the policies had issued, but that they covered the risks the defendant wished to insure against, and they should have shown, if the fact existed, that Tyler & Co., who were their agents, not only received the policies, but that they forwarded them to the defendant, and that he acknowledged the receipt thereof, or have proved that they came into his possession. In our opinion the plaintiffs have not made out their case.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that there be judgment in favor of the defendants, as in case of nonsuit, plaintiffs and appellees to pay the costs.

Rehearing refused.